# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TIMOTHY WHITE, | No. 49599-6-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| CLARK COUNTY, | |
| Respondent. | |

MAXA, A.C.J. – Timothy White submitted a Public Records Act (PRA)[1] request to Clark County, requesting production of ballots cast in the November 2013 election. After the County declined to produce the ballots, White filed a PRA action and a motion to show cause to compel production. White appeals the trial court's ruling that the ballots were exempt from disclosure under the PRA.

White previously had submitted – a day after the election – a PRA request to Clark County for *pre-tabulated* ballot images from the November 2013 election. This court held that the County was not required to produce pre-tabulated ballots because article VI, section 6 of the Washington Constitution, various sections of Title 29A RCW, and secretary of state regulations together constituted an "other statute" exemption to the PRA under RCW 42.56.070(1) for those

---

[1] Chapter 42.56 RCW.

ballots. *White v. Clark County*, 188 Wn. App. 622, 631, 637, 354 P.3d 38 (2015), *review denied*, 185 Wn.2d 1009 (2016) [*White* I]. Division One of this court issued a similar ruling regarding White's identical PRA requests to two other counties. *White v. Skagit County*, 188 Wn. App. 886, 898, 355 P.3d 1178 (2015), *review denied*, 185 Wn.2d 1009 (2016) [*White* II].

We acknowledge that these cases do not directly control White's current PRA request because he now is requesting ballots more than 60 days after they were tabulated. But we hold White is not entitled to disclosure of the requested records because (1) both RCW 29A.60.110 and WAC 434-261-045 create an "other statute" exemption that applies to election ballots even after the minimum 60-day retention period after tabulation, (2) whether concerns about jeopardizing the secrecy of the vote could have been addressed by redacting certain information is immaterial because the "other statute" exemption applies to the entire ballot, and (3) RCW 42.56.210(2) does not override this exemption because White cannot show that withholding the ballots is "clearly unnecessary" to protect the vital government interest in preserving the voters' right to absolute secrecy of their votes.

Accordingly, we affirm the trial court's denial of White's motion to show cause and dismissal of White's PRA action.

## FACTS

On July 2, 2015, White sent a PRA request to the County for election records relating to the November 2013 general election, including paper ballots and images of ballots "received, cast, voted, or otherwise used."[2] Clerk's Papers (CP) at 16. The County responded that it could

---

[2] We refer to both paper ballots and ballot images collectively as "ballots." Electronic images of ballots constitute "ballots" under RCW 29A.04.008(1)(c). *White* I, 188 Wn. App. 632.

not release the ballots because the records were subject to the Washington Constitution's mandate of absolute secrecy of the vote. The County also cited both the *White* I and *White* II decisions as support for its conclusion that the ballots were exempt from disclosure. The County did release almost 9,000 pages of other election records.

White filed a complaint alleging that the County had violated the PRA and seeking to compel production of the requested ballots. At the same time, White filed a motion under RCW 42.56.550(1) requiring the County to show cause why the trial court should not order production of the requested ballots. The court ruled that "voted ballots are exempt from production under the PRA and Clark County's refusal to provide copies of the requested ballots is proper based on the applicable constitutional, statutory and case law." CP at 518. Therefore, the court concluded that the County complied with the PRA in its response to White's request, denied White's motion to show cause, and dismissed White's PRA complaint.

White appeals the trial court's denial of relief under the PRA.

ANALYSIS

A.      PRA EXEMPTION FOR TABULATED ELECTION BALLOTS

White argues that the County wrongfully failed to produce the ballots he requested because the "other statute" exemption for pre-tabulated ballots does not apply to a request for tabulated ballots made more than 60 days after tabulation. We hold that both RCW 29A.60.110 and WAC 434-261-045 provide an "other statute" exemption for tabulated ballots even beyond 60 days after tabulation.

1.   Legal Principles

The PRA mandates the broad disclosure of public records.  *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016).  Therefore, an agency has an affirmative obligation to disclose records requested under the PRA unless a specific exemption applies.  *Id.* at 371-72.  And we must liberally construe the PRA in favor of disclosure and narrowly construe its exemptions.  RCW 42.56.030; *John Doe A*, 185 Wn.2d at 371.  The agency bears the burden of establishing that an exemption to production applies.  RCW 42.56.550(1); *Sargent v. Seattle Police Dep't,* 179 Wn.2d 376, 385-86, 314 P.3d 1093 (2013).

A requesting party denied disclosure may move for a show cause hearing, at which the burden of proof is on the agency to show that its denial was proper.  RCW 42.56.550(1), (3).  We review the agency's actions de novo.  RCW 42.56.550(3).

An agency may lawfully withhold production of records if a specific exemption applies. *White* I, 188 Wn. App. at 630.  There are three sources of PRA exemptions: (1) enumerated exemptions contained in the PRA itself, (2) any "other statute" that exempts or prohibits disclosure, and (3) the Washington Constitution.  *Id.* at 630-31.

The "other statute" exemption is found in RCW 42.56.070(1): "Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of . . . this chapter, or other statute which exempts or prohibits disclosure of specific information or records."  We will find an RCW 42.56.070(1) "other statute" exemption "only when the legislature has made it explicitly clear that a specific record, or portions of it, is exempt or otherwise prohibited from production."  *John Doe A*, 185 Wn.2d at 373.  The statute "does not need to expressly address

the PRA, but it must expressly prohibit or exempt the release of records." *Id.* at 372. Whether a statute is an "other statute" under RCW 42.56.070(1) is a question of law that we review de novo. *Id.* at 371.

> 2.    Limited Holding of *White* I

White is correct that *White* I does not directly control the resolution of this case. In *White* I, we noted that RCW 29A.40.110(2) addresses ballot security for the period between receipt of the ballot and the beginning of ballot processing, and RCW 29A.60.110 addresses ballot security after tabulation. 188 Wn. App. at 633-34. White's request for pre-tabulated ballots in *White* I involved a "gap" in ballot security for the period from the beginning of processing until tabulation. *Id.* at 634. We held that an "other statute" exemption existed for pre-tabulated ballots based on these statutes and applicable secretary of state regulations. *Id.* at 637.

But we did not address in *White* I whether an exemption existed for tabulated ballots, stating only that ballot images must be kept secure until "at least" 60 days after tabulation. *Id.* at 637.

> 3.    "Other Statute" Exemption Under RCW 29A.60.110

RCW 29A.60.110 expressly addresses the security and secrecy of tabulated ballots.

> Immediately after their tabulation, *all ballots counted at a ballot counting center must be sealed in containers* that identify the primary or election and be retained for at least sixty days or according to federal law, whichever is longer.
>
> In the presence of major party observers who are available, ballots may be removed from the sealed containers at the elections department and consolidated into one sealed container for storage purposes. *The containers may only be opened* by the canvassing board [1] as part of the canvass, [2] to conduct recounts, [3] to conduct a random check under RCW 29A.60.170, or [4] by order of the superior court in a contest or election dispute.

5

RCW 29A.60.110 (emphasis added). This statute unambiguously requires that tabulated ballots be kept in sealed containers and can be opened by the canvassing board *only* in one of four specified situations.

White makes three arguments against treating RCW 29A.60.110 as an "other statute" exemption. First, he argues that once the 60-day retention period required by RCW 29A.60.110 has expired, the ballots must become available for public release pursuant to a PRA request. But the 60-day period does not apply to keeping the tabulated ballots in sealed containers. That period applies to how long the sealed ballots must be *retained*. In other words, the sealed ballots may be discarded after 60 days.

Nothing in the language of RCW 29A.60.110 suggests that the ballots need only be *kept secure* for 60 days. RCW 29A.60.110 contains no time limit for keeping the ballots in sealed containers. Therefore, under the plain statutory language, the agency has two choices once the 60-day period ends: the ballots must be kept in sealed containers indefinitely unless one of the four specified situations arises or the ballots must be discarded. Neither choice allows the ballots to be disclosed to a requesting person.

Second, White argues that Title 29A RCW explicitly exempts at least six types of documents from the PRA, but there is no explicit exemption for tabulated ballots. He claims that this omission indicates that the legislature did not intend for ballots to be exempt from the PRA. But as Division One noted in *White* II, the legislature has also "specified that certain *nonballot* election records may be disclosed to the public." 188 Wn. App. at 897 (emphasis added). The court noted that it would be superfluous for the legislature to single out specific types of elections records as subject to disclosure unless they were viewed as exceptions to the general

rule of nondisclosure. *Id.* Further, because under RCW 29A.60.110 is clear that tabulated ballots must remain sealed, there was no reason for the legislature to include an explicit exemption.

Third, White argues that if simply requiring secure storage of records amounts to an exemption, then most records would be exempt from disclosure under the PRA. He notes that RCW 40.14.020(4) requires the state archivist to maintain the security of all state public records but does not thereby exempt all state public records from disclosure. However, White overlooks that RCW 29A.60.110 does not simply require sealed storage; it also includes unambiguous language stating that the sealed containers may only be opened in four specific situations. It is that restriction on *accessing* the ballots that creates the exemption.

The provisions of RCW 29A.60.110 are inconsistent with disclosing copies of tabulated ballots under the PRA. Therefore, we hold that RCW 29A.60.110 constitutes an express "other statute" exemption for tabulated ballots.

4. "Other Statute" Exemption Under WAC 434-261-045

In addition to RCW 29A.60.110, WAC 434-261-045 also provides an "other statute" exemption to the PRA. The legislature has required the secretary of state to make rules regarding election "[s]tandards and procedures to guarantee the secrecy of ballots." RCW 29A.04.611(34). Under that authority, the secretary of state enacted WAC 434-261-045, which provides:

> *Received ballots and ballot images must be maintained in secure storage except during processing, duplication, inspection by the canvassing board, or tabulation.* Secure storage must employ the use of numbered seals and logs, or other security measures that will detect any inappropriate access to the secured materials. *Ballots and ballot images may only be accessed in accordance with RCW 29A.60.110 and 29A.60.125.*

7

(Emphasis added.)

WAC 434-261-045 unambiguously requires that ballots be kept in secure storage at all times other than during processing, duplication, inspection, and tabulation and states that they can *only* be accessed in accordance with RCW 29A.60.110 and 29A.60.125. As discussed above, RCW 29A.60.110 allows for access only in four specified situations. And RCW 29A.60.125 provides procedures for handling damaged ballots, and expressly states that "ballots must be sealed in secure storage at all times, except during duplication, inspection by the canvassing board, or tabulation."

White argues that WAC 434-261-045 cannot be an "other statute" because state administrative rules cannot provide a PRA exemption. But in *White* I, this court considered and rejected this argument. 188 Wn. App. at 636. The court noted that although an agency cannot be allowed to determine what records are exempt from the PRA, the secretary of state did not attempt to regulate disclosure or interpret the disclosure requirements of the PRA when promulgating WAC 434-261-045. *Id.* Instead, the secretary of state "implemented regulations to ensure ballot security and secrecy during processing, pursuant to the express enabling provisions of RCW 29A.04.611." *Id.*

The provisions of WAC 434-261-045 are inconsistent with disclosing copies of tabulated ballots under the PRA. Under *White* I, this regulation can qualify as an "other statute" for PRA purposes. 188 Wn. App. at 635-36. Therefore, we hold that WAC 434-261-045 constitutes an express "other statute" exemption for tabulated ballots and ballot images.

    5.    Redaction is Immaterial

White argues that even if the ballots are subject to an exemption to protect the identity of

individual voters, the County was required to produce the ballots because it could have redacted

any identifying marks that could identify individual voters.  We disagree.

    As discussed above, we hold that tabulated ballots are exempt in their entirety from

disclosure under the PRA.  RCW 29A.60.110 and WAC 434-261-045 provide categorical

exemptions, not conditional ones.  *See Resident Action Council v. Seattle Hous. Auth.*, 177

Wn.2d 417, 434, 327 P.3d 600 (2013) (noting categorical exemptions limit a particular type of

information or record).  As a result, whether the ballots can be redacted to address specific

secrecy concerns is immaterial.  *See id.* at 433, 437 ("[I]f a type of record is exempted, then

meaningful redaction generally is impossible," unless redaction will transform the record into an

entirely different type of record).  The ballots are exempt from production without qualification.

    Here, RCW 29A.60.110 and WAC 434-261-045 govern handling of "ballots," which

means that their exemptions apply to the ballots in their entirety.  And no amount of redaction

will transform the ballots into some other type of record.  Therefore, we reject White's redaction

argument.

B.    DISREGARDING THE PRA EXEMPTION

    White argues that even if the ballots are subject to an "other statute" PRA exemption, the

County was required to produce them under RCW 42.56.210(2) because nondisclosure is not

necessary to protect privacy or a vital government function.  We disagree.

    RCW 42.56.210(2) states that the release of specific records that are otherwise exempt

from disclosure "may be permitted if the superior court in the county in which the record is

maintained finds, after a hearing . . . that the exemption of such records is *clearly unnecessary* to protect *any* individual's right of privacy or *any* vital governmental function." (Emphasis added.) Such a finding overrides the PRA exemption and requires the agency to produce the requested records. *White* I, 188 Wn. App. at 637.

White argues that exempting ballots three years after the election in which they were cast is unnecessary to protect privacy and vital government interests. He asserts that production would pose no risk to ballot anonymity and that there is no risk of election fraud or tampering when the election is over. He also points out that images of individual ballots have been displayed on election-related websites without revealing voter identity. However, White fails to show that withholding the ballots is "clearly unnecessary" to protect *any* individual's right to privacy or *any* vital governmental function. RCW 42.56.210(2).

Article VI, section 6 of the Washington Constitution provides voters "*absolute* secrecy" in their votes. (Emphasis added.) Washington statutes and regulations also protect this right and ensure that ballots are secure. *See White* I, 188 Wn. App. at 638. "Preserving the integrity and secrecy of votes and the security of election ballots clearly is a vital government function." *Id.*; *see also White* II, 188 Wn. App. at 898.

Accordingly, we reject White's argument that the PRA exemption for election ballots should be disregarded under RCW 42.56.210(2).

C.    ATTORNEY FEES

White seeks recovery of his reasonable attorney fees for work performed in the trial court and on appeal. RCW 42.56.550(4) provides that any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record shall be awarded

No. 49599-6-II

reasonable attorney fees.  Because White is not a prevailing party, he is not entitled to attorney fees either in the trial court or on appeal.

CONCLUSION

We affirm the trial court's denial of White's show cause motion and dismissal of White's PRA action.

MAXA, A.C.J.


We concur:


LEE, J.

SUTTON, J.