# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| BRYAN LEE STETSON, | No.  50185-6-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Bryan Lee Stetson appeals the superior court's order granting the Department of Corrections' motion for judgment on the pleadings and dismissing his complaint for violations of the Public Records Act (PRA), chapter 42.56 RCW, and the Uniform Health Care Information Act (UHCIA), chapter 70.02 RCW. The Department argues that because the UHCIA is the exclusive means for a patient to obtain review of his or her medical records, Stetson does not have a claim under the PRA. The Department also argues that Stetson failed to allege any claim for relief under the UHCIA. We hold that the superior court erred in entering an order granting the Department's motion for judgment on the pleadings because Stetson alleged sufficient facts to show that the Department may have violated the UHCIA. Accordingly, we reverse the superior court's order and remand for further proceedings.

FACTS

Stetson, an inmate in the Department's custody, filed a complaint alleging violations of the PRA and the UHCIA. Stetson's complaint alleged that on September 22, 2016, Stetson sent a request to the Department to review his medical records that had been kept while he was in the Department's custody. On October 10, a certified nursing assistant (CNA) with the Department notified Stetson that he had been scheduled to review his records. Stetson was not permitted to review his records until October 18, when he was provided only 30 minutes to review his medical file. When Stetson asked for additional time, he was told that he would have to submit another request to review his medical records.

Stetson filed a second request to review his medical records on October 19. The Department's CNA again notified Stetson that he had been scheduled to review his records. The CNA cancelled Stetson's file review several times, and on November 23, Stetson was again provided only 30 minutes to review his medical records. The file he was supplied was in disarray, records were missing, and "the records staff could not tell Mr. Stetson what [any] of the codes in his file me[a]nt." Clerk's Papers (CP) at 25. Stetson requested additional time to review his records, and the CNA told him that he could only review the records for a total of 30 minutes every 30 days.

Soon after Stetson filed his complaint, the Department filed a CR 12(c) motion for judgment on the pleadings, arguing that it was entitled to judgment because Stetson failed to state a claim under either the PRA or the UHCIA. The Department also filed a motion for a protective order staying discovery until after the superior court ruled on the CR 12(c) motion. Stetson opposed both motions.

On February 24, 2017, the superior court entered an order granting the Department's motion for a protective order and stayed discovery pending its ruling on the Department's motion for judgment on the pleadings. On March 24, the superior court granted the Department's motion for judgment on the pleadings and dismissed Stetson's complaint with prejudice. The superior court reasoned that the UHCIA was the sole method for obtaining Stetson's medical records, but that the Department complied with the UHCIA's requirements. Stetson appeals.

## ANALYSIS

### I. JUDGMENT ON THE PLEADINGS

#### A. STANDARD OF REVIEW

We review a superior court's dismissal under CR 12(c) de novo. *P.E. Sys., LLC v. CPI Corp.*, 176 Wn.2d 198, 203, 289 P.3d 638 (2012). CR 12(c) states in relevant part, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." We treat a CR 12(c) motion for judgment on the pleadings identically to a CR 12(b)(6) motion to dismiss for failure to state a claim. *P.E. Sys.*, 176 Wn.2d at 203. Dismissal is appropriate when it appears beyond doubt that the plaintiff cannot prove any set of facts, consistent with the complaint, that may entitle him or her to relief. *Burton v. Lehman*, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005). We presume the plaintiff's allegations are true, and we may consider hypothetical facts not included in the record. *Burton*, 153 Wn.2d at 422.

#### B. PRA CLAIM

Stetson argues that the superior court erred by granting the Department's motion for judgment on the pleadings because the PRA and the UHCIA can be used concurrently. The Department argues that Stetson cannot bring a claim under the PRA because the UHCIA is the

exclusive mechanism for a patient to review his or her medical records. We agree with the Department.

The PRA requires that an agency make all public records available for public inspection and copying. RCW 42.56.070(1). However, the PRA provides an exception for "records that fall within specific exemptions in the PRA or an 'other statute which exempts or prohibits disclosure of specific information or records.'" *In re Dependency of K.B.*, 150 Wn. App. 912, 919, 210 P.3d 330 (2009) (quoting RCW 42.56.070(1)). As a result, the PRA prohibits disclosure where an enumerated exemption applies. *See White v. Clark County*, 199 Wn. App. 929, 934, 401 P.3d 375 (2017).

The PRA provides that "health care information" under the UHCIA is exempt from public disclosure, and that the UHCIA "applies to public inspection and copying of health care information of patients." RCW 42.56.360(2); *John Doe G v. Dep't of Corr.*, 190 Wn.2d 185, 193, 410 P.3d 1156 (2018). The UHCIA defines "health care information" as information "that identifies or can readily be associated with the identity of a patient and directly relates to the patient's health care." RCW 70.02.010(17). "The UHCIA defines "health care provider" as "a person who is licensed, certified, registered, or otherwise authorized by the law of this state to provide health care in the ordinary course of business or practice of a profession." RCW 70.20.010(19). A patient is "an individual who receives or has received health care." RCW 70.02.010(32).

Here, the parties do not dispute that Stetson was a "patient" who requested to review his medical records, or that the medical records he requested met the definition of "health care information" under the UHCIA. In addition, the parties do not dispute that the Department is a

"health care provider" as defined in the UHCIA. Because Stetson requested health care information under the UHCIA, his medical records were exempt from disclosure under the PRA. *See John Doe G*, 190 Wn.2d at 193. Moreover, only the UHCIA applies to the public inspection and copying of health care information. RCW 42.56.360(2). Accordingly, the PRA did not apply to the Department's production of Stetson's medical records, and it does not entitle Stetson to relief. Instead, we agree with the Department that the UHCIA is the exclusive mechanism for Stetson to review his medical records. Therefore, the superior court did not err in granting the Department's motion for judgment on the pleadings on this basis.

C.       UHCIA CLAIMS

Stetson also argues that the superior court erred by granting the Department's motion for judgment on the pleadings because he arguably demonstrated "many discrete UHCIA violations" committed by the Department that may entitle him to relief. Br. of Appellant at 27. We agree.

As stated above, the UHCIA governs the disclosure of a patient's medical records. RCW 42.56.360(2). The UHCIA provides:

> (1) Upon receipt of a written request from a patient to examine or copy all or part of the patient's recorded health care information, a health care provider, as promptly as required under the circumstances, but no later than fifteen working days after receiving the request shall:
>
> (a) Make the information available for examination during regular business hours and provide a copy, if requested, to the patient.
>
>  . . . .
>
> (2) Upon request, the health care provider shall provide an explanation of any code or abbreviation used in the health care information.

RCW 70.02.080. A patient may maintain an action for relief against a health care provider who violated the UHCIA. RCW 70.02.170(1). The UHCIA provides for two types of relief for

violations of the UHCIA. RCW 70.02.170(2); *Fisher v. Dep't of Health*, 125 Wn. App. 869, 876, 106 P.3d 836 (2005). The superior court may award actual damages and order a health care provider to comply with the UHCIA. RCW 70.02.170(2); *Fisher*, 125 Wn. App. at 876.

Here, Stetson filed his first request to view his medical records on September 22, 2016. Stetson was able to review his medical records for only 30 minutes on October 18. When he asked for additional time, his request was denied, and he was told that he would have to submit another request. Stetson's complaint also provided that the Department's CNA told him that he was permitted only 30 minutes every 30 days to review his records. Stetson filed a second request to review his records on October 19. Stetson's complaint stated that the Department's CNA cancelled several appointments to review his records, and that he could not review them until November 23. The file he was supplied, however, was in disarray and records were missing. Stetson also alleged that the Department provided no explanation about codes and abbreviations used in the records.

Assuming that the facts alleged in Stetson's complaint are true, Stetson may be entitled to relief under the UHCIA. The UHCIA requires that a health care provider make health care information available to a patient during regular business hours within 15 working days of a patient's request to examine his or her records. RCW 70.02.080(1)(a). Yet, the Department failed to make Stetson's records available to him within 15 working days of both his first and second requests to review his records. The Department also failed to make the records available to Stetson during regular business hours, as it permitted Stetson only 30 minutes to review his records every

30 days, and it denied his requests for additional time to review the records.[1]  Additionally, the allegations in Stetson's complaint show that the Department may have violated the UHCIA by failing to provide an explanation for the codes and abbreviations used in Stetson's medical records. RCW 70.02.080(2).  Under no stretch of the imagination could the Department's alleged approach be deemed to be "mak[ing] the information available for examination" under RCW 70.02.080.  To the contrary, these tactics seem designed more to hinder disclosure than to effect it.

Because Stetson pleaded facts that, if proved, could show that the Department violated the UHCIA, Stetson shows that he may be entitled to an order requiring the Department to comply with the UHCIA.[2]  Accordingly, Stetson alleged sufficient facts to preclude dismissal under CR 12(c) on this basis.  Thus, the superior court erred by dismissing Stetson's claim that the Department violated the UHCIA.

---

[1] As noted above, the Department does not dispute that it meets the UHCIA's definition of "health care provider."  Under the facts pleaded, a Department CNA, who undoubtedly qualifies as a "health care provider" under the statute, scheduled Stetson's record review appointment after 15 working days of both his records requests and notified Stetson that he was entitled to review his medical records for only 30 minutes every 30 days.  Stetson "may maintain an action for the relief provided in [the UHCIA] against a health care provider or facility who has not complied with [the UHCIA]."  RCW 70.02.170(1).

[2] The Department argues that Stetson cannot show that he is entitled to monetary relief because he did not allege any actual damages resulting from the Department's alleged violations of the UHCIA.  In his complaint, Stetson requested "[s]tatutory [p]enalties for violations of the PRA and UHCIA."  CP at 27.  But Stetson did not allege any facts regarding actual damages resulting from the Department's alleged violations of the UHCIA.  As a result, the Department is correct that the superior court did not err in granting the Department's motion for judgment on the pleadings regarding Stetson's claim for monetary damages under the UHCIA.

## II. PROTECTIVE ORDER

Stetson also argues that the superior court abused its discretion by granting the Department's motion for a protective order and staying discovery until the superior court ruled on the Department's motion for judgment on the pleadings. We decline to review the superior court's order granting the Department's motion for a protective order because the issue is moot.

An appeal is moot when "it involves only abstract propositions or questions, the substantial questions in the [superior] court no longer exist, or a court can no longer provide effective relief." *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005).

Discovery is irrelevant to a motion for judgment on the pleadings. As a result, any error in granting the discovery order would not result in reversal of the final judgment in this case—the order granting the Department's motion for judgment on the pleadings. Moreover, because we reverse the superior court's order granting the Department's motion for judgment on the pleadings, discovery will proceed in due course regardless of a decision on the superior court's order granting the Department's motion for a protective order. Therefore, we cannot grant Stetson any effective relief based on the superior court's alleged error in granting the Department's motion for a protective order. Accordingly, we decline to review the alleged error.

## III. APPELLATE FEES AND COSTS

Stetson requests an award of attorney fees and costs under RAP 14. RAP 14.2 provides that this court may award costs to the party that substantially prevails on review. Because Stetson is the substantially prevailing party, he is entitled to recover appellate costs under RAP 14.2. In addition, the UHCIA provides that "[t]he court shall award reasonable attorneys' fees and all other expenses reasonably incurred to the prevailing party." RCW 70.02.170(2). However, pro se

litigants are generally not entitled to attorney fees for their work representing themselves. *Mitchell v. Dep't of Corr.*, 164 Wn. App. 597, 608, 277 P.3d 670 (2011). Moreover, Stetson does not provide any statutory authority that supports his contention that he is entitled to attorney fees on appeal. Accordingly, we award Stetson appellate costs under RAP 14.2, but we decline to award Stetson attorney fees under the UHCIA.

## CONCLUSION

The superior court erred in entering its order granting the Department's motion for judgment on the pleadings because Stetson alleged sufficient facts to show that the Department may have violated the UHCIA. Accordingly, we reverse the superior court's order and remand for further proceedings. We also award Stetson appellate costs under RAP 14.2, but we decline to award Stetson attorney fees under the UHCIA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, P.J.

BJORGEN, J.