**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**OCTOBER 24, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation, | ) ) ) | No. 38884-1-III Consolidated with No. 39157-4-III |
| Appellant, | ) ) | |
| v. | ) | |
| CHANDRA SCHUMACHER, Lincoln County Auditor; LINCOLN COUNTY, and WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE, | ) ) ) ) ) | ORDER GRANTING MOTION TO PUBLISH OPINION |
| Respondents, | ) ) | |
| and | ) | |
| JERRY SCHULZ, Plaintiff, | ) ) | |
| and | ) | |
| DOES 1-30, | ) ) | |
| Defendants. | ) ) | |
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation, | ) ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | |
| FRANKLIN COUNTY, | ) ) | |
| Respondents. | ) | |

THE COURT has considered nonparties King County's and King County

Elections Director Julie Wise's motion to publish the court's opinion of September 12,

Nos. 38884-1-III, 39154-7-III

2023, and the record and file therein, and is of the opinion the motion should be

granted. Therefore,

IT IS ORDERED, the motion to publish is granted. The opinion filed by the court

on September 12, 2023, shall be modified on page 1 to designate it is a published

opinion and on page 34 by deletion of the following language:

A majority of the panel has determined that this opinion will not be
printed in the Washington Appellate Reports, but it will be filed for public
record pursuant to RCW 2.06.040.

PANEL: Judges Siddoway,[†] Fearing, Staab

FOR THE COURT:

_____
GEORGE B. FEARING
Chief Judge

---

[†] Judge Laurel H. Siddoway was judge pro tempore when the panel voted on the
motion to publish.

**FILED**
**OCTOBER 5, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

## COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a Washington State
Nonprofit Corporation,

        Appellant,

        v.

CHANDRA SCHUMACHER, Lincoln
County Auditor; LINCOLN COUNTY; and
WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE,

        Respondents,

        and

JERRY SCHULTZ, Plaintiff, and
DOES 1-30,

        Defendants.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a Washington State
Nonprofit Corporation,

        Appellant,

        v.

FRANKLIN COUNTY,

        Respondent.

No. 38884-1-III
Consolidated with
No. 39157-4-III

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR
RECONSIDERATION

THE COURT has considered Washington Election Integrity Coalition United's motion for reconsideration and is of the opinion the motion should be granted insofar as it seeks correction of the title of the case, and should otherwise be denied. Therefore,

IT IS ORDERED, the opinion filed September 12, 2023, is amended by replacing the title of the case with the corrected title set forth above,

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Nos. 38884-1-III; 39157-4-III

IT IS FURTHER ORDERED that the motion for reconsideration is otherwise denied.

PANEL:  Judges Siddoway, Fearing, Staab

FOR THE COURT:


_____
George B. Fearing
Chief Judge

**FILED**
**SEPTEMBER 12, 2023**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

|  |  |  |
|---|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; JERRY SCHULZ, | ) ) ) ) ) | No. 38884-1-III Consolidated with No. 39157-4-III |
| Appellants, | ) ) ) | |
| v. | ) | UNPUBLISHED OPINION |
| CHANDRA SCHUMACHER, Lincoln County Auditor; LINCOLN COUNTY, and DOES 1-30, inclusive, | ) ) ) ) | |
| Respondents. | ) ) | |
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation, ETHAN CARLSON, and FRED CARPENTER, | ) ) ) ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | |
| MATTHEW BEATON, Franklin County Auditor, FRANKLIN COUNTY, and DOES 1-30, inclusive, | ) ) ) ) | |
| Respondents. | ) | |

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

SIDDOWAY, J.P.T.[*] — In the fall of 2021, close to a year after the November 3, 2020 general election, Washington Election Integrity Coalition United (WEiCU), joined by one or more voters as co-plaintiffs, brought lawsuits challenging eight Washington counties' conduct of the election.[1] Along with several individual plaintiffs, WEiCU brought the two actions consolidated in this appeal in Lincoln County and Franklin County, with each action naming as defendants the county and its auditor. As initially pleaded, the complaints alleged that major and potentially decisive errors had been made in tabulating election results statewide, which on "inform[ation] and belie[f]" had occurred, in part, in the defendant counties. Lincoln County Clerk's Papers (Lin. CP) at

---

[*] Judge Laurel H. Siddoway was a member of the Court of Appeals at the time argument was held on this matter. She is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

[1] The six actions other than the two consolidated in this appeal were filed in state court but were removed to federal court. They were filed in Thurston County on September 21, 2021, *Wash. Election Integrity Coal. United v. Hall*, 634 F. Supp. 3d 977, noted at 2022 WL 4598506, at *1 (W.D. Wash. 2022); in Pierce County on September 21, 2021, *see Wash. Election Integrity Coal. United v. Anderson*, 2022 WL 4598503, slip op. at *1 (W.D. Wash. 2022); in Whatcom County on September 10, 2021, *see Wash. Election Coal. United v. Bradrick*, 2022 WL 4598504, slip op. at *1 (W.D. Wash. 2022); in Snohomish County on September 16, 2021, *see Wash. Election Integrity Coal. United v. Fell*, 2022 WL 4598505, slip op. at *1 (W.D. Wash. 2022); in Clark County on September 16, 2021, *Wash. Election Integrity Coal. United v. Kimsey*, 2022 WL 4598507, slip op. at *1 (W.D. Wash. 2022); and in King County on September 22, 2021, *Wash. Election Integrity Coal. United v. Wise*, 2022 WL 4598508, slip op. at *1 (W.D. Wash. 2022).

2

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

313-14, 375-76.[2]  Both complaints also sought to enforce public record requests that

WEiCU had directed to the counties for original ballots, ballot images, spoiled ballots,

adjudication records, ballot envelopes, and returned ballots, for the purpose of performing

a "full forensic audit" of the counties' elections.  Lin. CP at 317, 379.  WEiCU's record

requests to the counties had been met by responses that many of the requested records

were exempt.

Both superior courts dismissed WEiCU's complaints, and WEiCU appeals the

dismissals.  The responding counties ask us to find that WEiCU's claims were frivolous

and to award them reasonable attorney fees and costs for having to defend a frivolous

appeal.  We affirm dismissal of both complaints but decline the requests for an award of

reasonable attorney fees on appeal.

FACTS AND PROCEDURAL BACKGROUND

*Lincoln County case*

WEiCU's original complaint against Lincoln County and its auditor, Chandra

Schumacher, was filed on October 4, 2021.  WEiCU had a single co-plaintiff in the

action, Lincoln County elector Jerry Schulz, who appeared pro se.  They also named as

defendants "Does 1-30," who were not only pseudonymous, but whose alleged acts,

---

[2] We distinguish the clerk's papers in the two appeals by prefaces "Lin." and "Fra."  The original Franklin County complaint was not designated as a clerk paper in the appeal of the action against Franklin County, but it, and the order dismissing it, were filed as exhibits in the Lincoln County action.  They are included in the clerk's papers in that appeal.

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

omissions, or relationship to any cause of action was unidentified. The complaint was signed on behalf of WEiCU by one of its directors, Tamborine Borrelli, rather than by an attorney.

The complaint's causes of action were described in an overview section as seeking a judgment for violations of plaintiffs' civil rights by the former auditor, who allegedly

> allow[ed] or facilitate[ed] vote flipping, additions and/or deletions, ballot box stuffing through lax signature verification, party preference tracking, and personally certifying electronically generated tabulation results for an Election subject to not only a substantial loss of access to signature verification data, but also a ransomware attack.

Lin. CP at 373. The complaint alleged on information and belief that statewide, "approximately 6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more state-wide races before, during, and/or after the Election." Lin. CP at 375. The complaint alleged that WEiCU had "issued a records request for ballots to confirm or deny the conduct," and sought "a Court order compelling release of the public records, including a Court order unsealing ballots under RCW 29A.60.110" for purposes of its proposed forensic audit. *Id.* at 373.

In January 2022, WEiCU substituted a second amended complaint[3] in which it removed citation to the United States Constitution.

---

[3] If there was ever a "first amended complaint" in the Lincoln County action, it receives no mention in the record on appeal.

4

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

The Washington State Democratic Central Committee (WSDCC) moved to intervene in the Lincoln County action. WEiCU opposed the motion, arguing that WSDCC lacked standing and that its purported interest in the case—confirming the election results—was improper because WEiCU was not seeking to decertify the election. (WEiCU's original complaint and second amended complaint disclaimed it was seeking decertification, asserting it thereby avoided the 10-day limitation period for election contests imposed by RCW 29A.68.013.) The superior court granted the WSDCC leave to intervene.

An answer filed by Lincoln County and Auditor Schumacher (hereafter collectively "Lincoln County") denied the allegations and asserted multiple affirmative defenses. It characterized WEiCU's claims as frivolous and interposed for an improper purpose, and sought reasonable attorney fees and costs under CR 11 and RCW 4.84.185.

In February 2022, Lincoln County moved the court for judgment on the pleadings under CR 12(c). It argued:

- While WEiCU claimed it was not seeking decertification of the 2020 general election, that was, in substance, its goal, and its claims were statutorily barred by chapter 29A.68 RCW's 10-day time limit for election contests and its requirement that such contests be initiated by an elector's affidavit,
- WEiCU's claims were also time-barred by the doctrine of laches,
- The complaint did not plead facts that would support the standing of either WEiCU or Schulz to assert the election-related claims,
- WEiCU failed to state a claim on which relief could be granted because its allegations on information and belief and asserting fraud fell short of the requirements of CR 8(a)(1) and 9(b), and

5

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

- With respect to WEiCU's Public Records Act (PRA), chapter 42.56 RCW, claim, the ballot records it sought were exempt from disclosure.

*See* Lin. CP at 37-49. A week later, WSDCC brought a separate but substantially similar motion to dismiss.

WEiCU opposed the motions, which were heard on March 25, 2022. The court took the matters under advisement, and on March 28, issued a written ruling granting Lincoln County's motion and awarding it reasonable attorney fees and costs.[4] It found in granting the motion and awarding fees:

> Plaintiffs' election claims are untimely and barred by statute and the equitable doctrine of laches, that the respective Plaintiffs each lack standing to bring the election claims alleged, and that Plaintiffs fail to state an election claim upon which relief may be granted. The court further finds that Plaintiffs fail to state a claim upon which relief may be granted under the Public Records Act[,]

and

> Plaintiffs' claims are frivolous and advanced without reasonable cause, are not well grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, and were interposed for improper purposes.

Lin. CP at 178. Judgment was later entered awarding Lincoln County approximately $850.00 in costs and $21,736.50 in attorney fees.

WEiCU timely moved for reconsideration. In addition to rearguing the issues that had been addressed by the parties' briefing and argument of the motions to dismiss, it

---

[4] The court did not rule on WSDCC's motion to dismiss under CR 12(b)(6), but stated in its ruling that it considered WSDCC's response and "[t]he entire superior court file." Lin. CP at 178.

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

brought to the court's attention for the first time that on March 24, the day before the

hearing on the motions, WEiCU's lawyer had sent to Lincoln County's outside counsel a

"Notice of Potential Conflict of Interest [/] Request for Cooperation." Lin. CP at 107-09

(boldface omitted). Pointing to RCW 36.27.020(9)[5] and RCW 29A.84.720,[6] WEiCU's

lawyer contended that as a special deputy prosecuting attorney for Lincoln County, its

outside counsel had statutory duties he was violating by defending the county and its

auditor against WEiCU's claims. She demanded that he forward her letter to the county

prosecutor and confirm to her within three business days his "agreement to cooperate in

good faith *with* WEiCU to bring all relevant evidence before a proper judicial tribunal,"

failing which she "reserve[d] the right to bring this matter to the Court's attention." Lin.

CP at 109.

     Lincoln County's outside counsel evidently did not reply to the letter, and as a

final basis for WEiCU's motion for reconsideration, WEiCU argued:

---

[5] The letter cited the statute's language, "The prosecuting attorney shall . . . present all violations of the election laws which may come to the prosecuting attorney's knowledge to the special consideration of the proper jury. . . ." Lin. CP at 108.

[6] The letter cited the statute's language:

> "Every person charged with the performance of any duty under the provisions of any law of this state relating to elections . . . who willfully neglects or refuses to perform such duty, or who, in the performance of such duty, or in his or her official capacity, knowingly or fraudulently violates any of the provisions of law relating to such duty, is guilty of a class C felony punishable under RCW 9A.20.021 and shall forfeit his or her office."

*Id.* (alteration in original).

7

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

> At the very least, the Court should have asked for briefing regarding the apparent conflict of interest between the prosecutor's dual duties.
>
> . . . .
>
> Over the past few months, the Deputy Prosecutor has actively defended against the verified facts and allegations of legal violations of election procedure, falsely alleging the matter is an election contest subject to dismissal, threatening attorney fees sanctions against Plaintiffs on multiple occasions, and filing a motion to dismiss the action to avoid discovery. . . .
>
> . . . .
>
> Based on the apparent conflict of interest and now-repeated violations of statutory law relating to prosecutorial duties, WEiCU hereby requests that this Court appoint an independent (and non-biased) special counsel to represent Defendants, and that said counsel cooperate *with* WEiCU in investigating the election law violations at issue before the proper jury consistent with RCW 36.27.020(9). . . .
>
> The Court should also take under advisement the summoning of a grand jury under RCW 10.27.030 in the public interest given the apparent corruption within Lincoln County involving, *inter alia*, the prosecuting attorney's ongoing, intentional and knowing failure to comply with RCW 36.27.020(9).

Lin. CP at 97-100 (footnotes omitted). In a supporting declaration, WEiCU's counsel provided the court with a copy of her March 24 letter to Lincoln County's outside counsel.

The court denied the motion for reconsideration. On May 4, 2022, WEiCU alone timely appealed the superior court's judgment and denial of its motion for reconsideration.

8

Nos.  38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

*Franklin County case*

In its first amended complaint against Franklin County, which was filed on

October 5, 2021, WEiCU again appeared by a lay representative, this time with *pro se* co-

plaintiffs Ethan Carlson and Fred Carpenter, naming as defendants Franklin County and

its auditor, Matthew Beaton.  The complaint made allegations substantially similar to

those asserted against Lincoln County, alleging vote flipping, ballot box stuffing, party

preference tracking, and loss of signature verification data.  In Franklin County, however,

the filing of a second amended complaint happened only after a first amended complaint

it had filed was dismissed in mid-December 2021.  It was dismissed under CR 12(b)(6)

for lack of standing, and under CR 11(a) for WEiCU's failure to appear through an

attorney.  The plaintiffs attempted to appeal that dismissal order more than 30 days after

it was entered, but the attempted appeal was dismissed by this court as untimely.

WEiCU then moved to file a substantially revised proposed second amended

complaint, this time appearing by counsel.[7]  The proposed complaint identified only

WEiCU as a plaintiff and addressed only its claim for Franklin County's alleged violation

of the PRA.  A notation of a date and time for hearing purported to note its request for

relief for hearing on June 6.  Over Franklin County's objection that the amendment

---

[7] The motion and proposed second amended complaint were not designated as clerk's papers, but we can surmise what the proposed pleading said from a "compared" version that was filed by Franklin County.  *See* Fra. CP at 29, 39-56.

9

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

would be futile, leave to amend was evidently granted on May 25. Franklin County filed

a memorandum in opposition and motion to dismiss, and the superior court eventually

heard the cross motions on August 8, 2022.[8]

WEiCU's second amended complaint asked that Franklin County be required to

show cause why it refused to allow inspection or copying of public records WEiCU

requested in August 2021. It challenged the county's response to its requests for

inspection of copying of original ballots, ballot images, spoiled ballots, and returned

ballots, as "exempt under . . . RCW 29A.60.110," CP at 9, for which the county had

cited *White* III,[9] WAC 434-261-045, WAC 434-250-110, RCW 29A.04.008,

*White* II,[10] *White* I,[11] article VI, section 6 of the Washington State Constitution, and

RCW 29A.04.206(l)(b).

At the hearing on WEiCU's motion to show cause and the county's motion for

dismissal, the trial court granted the motion to dismiss WEiCU's second amended

---

[8] As filed, WEiCU's second amended complaint differed in some limited respects from the version it had proposed when making the motion to amend. None of the differences were outcome-determinative and they do not affect issues on appeal, so it is irrelevant how this, and a procedural irregularity in changing the case caption, were addressed by the superior court.

[9] *White v. Clark County*, 199 Wn. App. 929, 401 P.3d 375 (2017), *review denied*, 189 Wn.2d 1031, 407 P.3d 1144 (2018).

[10] *White v. Skagit County*, 188 Wn. App. 886, 355 P.3d 1178 (2015), *review denied*, 185 Wn.2d 1009, 366 P.3d 1245 (2016).

[11] *White v. Clark County*, 188 Wn. App. 622, 354 P.3d 38 (2015), *review denied*, 185 Wn.2d 1009, 366 P.3d 1245 (2016).

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

complaint. It reserved ruling on whether sanctions should be imposed against WEiCU.

WEiCU timely appealed the order of dismissal.[12]

The two appeals proceeded as separate matters until the Franklin County appeal was set for hearing, at which point this court consolidated the appeals on its own motion.

## ANALYSIS

In WEiCU's first-filed appeal, the appeal of the Lincoln County action, it assigns error to the trial court's dismissal of its claim for violation of the PRA and challenges two aspects of the superior court's dismissal of its nonrecord related claims: whether the court misconstrued the 10-day limitation period of RCW 29A.68.013 as applying to its claims, and whether the court erred or abused its discretion in denying the request in WEiCU's reconsideration motion for appointment of an independent special counsel and the summoning of a grand jury.

In its appeal of the Franklin County action, it assigns error to the superior court's dismissal of its claim for violation of the PRA.

---

[12] Following the dismissal of both state actions, the federal district court to which WEiCU's six other actions had been removed resolved and closed those matters. The federal court had concluded that the plaintiffs lacked article III standing to assert their federal claims; its lack of subject matter jurisdiction over those claims deprived it of jurisdiction to adjudicate the state law claims; and, based on dismissal of the Lincoln and Franklin County actions, the court denied remand of all but the King County action, concluding that remand would be futile. *E.g.*, *Anderson*, 2022 WL 4598503, slip op. at *8 ("The claims in the complaints that were dismissed in *Schumacher* [Lincoln County] and *Beaton* [Franklin County] are nearly identical to the claims in this case."). The King County action was ordered remanded because potentially meritorious counterclaims had been asserted. *Wise*, 2022 WL 4598508, slip op. at *7.

11

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

We first address the PRA issues that are common to both appeals, before turning

to the other election issues raised only in the Lincoln County appeal.

I.     THE COUNTIES DID NOT VIOLATE THE PRA IN DENYING DISCLOSURE AND COPYING OF BALLOT RECORDS BASED ON AN "OTHER STATUTE" EXEMPTION

A.     *The PRA and the standard of review*

The PRA is a "strongly worded mandate for [the] broad disclosure of public

records." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978); *Doe v.*

*Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016). The act provides that it

is to be given a "liberal[ ] constru[ction] and its exemptions narrowly construed."

RCW 42.56.030; *see also* RCW 42.56.550(3) ("[F]ree and open examination of public

records is in the public interest, even though such examination may cause inconvenience

or embarrassment to public officials or others."). "We therefore start from the

presumption that a state agency has 'an affirmative duty to disclose public records.'"

*Doe*, 185 Wn.2d at 371.

By its own terms, there are records to which the PRA does not apply, however.

RCW 42.56.070(1) states that it does not apply if

> the record falls within the specific exemptions of subsection (8) of this
> section, this chapter, or other statute which exempts or prohibits disclosure
> of specific information or records.

Recognition of exemptions provided by "other statutes" has been extended to regulations

enforcing statutes. *Ameriquest Mortg. Co. v. Off. of Att'y Gen.*, 170 Wn.2d 418, 440, 241

12

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

P.3d 1245 (2010). Case law also recognizes that the PRA "must give way to constitutional mandates." *Freedom Found. v. Gregoire*, 178 Wn.2d 686, 695, 310 P.3d 1252 (2013). The constitution supersedes contrary statutory laws, even those enacted by initiative. *Id.*

Where an "other statute" exemption is asserted, the statute must explicitly identify an exemption; the PRA does not allow a court to imply such an exemption. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 262, 884 P.2d 592 (1994) (plurality opinion); *see also Baxter v. W. Wash. Univ.*, 20 Wn. App. 2d 646, 662, 501 P.3d 581 (2021) ("[W]e will find an 'other statute' exemption only when the legislature has made it explicitly clear that a specific record, or portions of it, is exempt or otherwise prohibited from production." (some internal quotation marks omitted) (quoting *Doe*, 185 Wn.2d at 373)).

When an agency declines to provide a requested record on the basis of an exemption, "[t]he burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records." RCW 42.56.550(1). Our review of whether a cited exemption applies is de novo. RCW 42.56.550(3).

13

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

       B.      *Authoritative case law at the time of WEiCU's requests*

At the time Lincoln and Franklin counties responded to WEiCU's public record requests, three published opinions of this court had recognized that ballots and other ballot-related records were exempt from disclosure under the PRA by virtue of an "other statute" exemption. The counties were required to recognize those opinions as authoritative precedent. *E.g.*, *In re Pers. Restraint of Smith*, 139 Wn.2d 199, 203 n.3, 986 P.2d 131 (1999). Vertical stare decisis also required that the superior courts follow decisions handed down by higher courts in the same jurisdiction. *Presbytery of Seattle v. Schulz*, 10 Wn. App. 2d 696, 708, 449 P.3d 1077 (2019). We note that legislation enacted this year, which recently became effective, creates an exemption *within* chapter 42.56 RCW for ballot records.[13] Although it was brought to our attention in briefing on whether we would order oral argument, there was no motion to file supplemental briefing, so we do not address the parties' differing views on the import of that legislation for these appeals.

At the time the motions were heard below, the two earliest authoritative opinions were the 2015 decisions of Divisions Two and One, respectively, in *White* I and *White* II. Both arose from requests for copies of electronic or digital image files of all pre-tabulated

---

[13] S.B. 5459, 68th Leg., Reg. Sess. (Wash. 2023).

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

ballots used in the November 5, 2013 general election. Plaintiff White had directed

requests for such records to every county in the state. *White* II, 188 Wn. App. at 890 n.1.

In *White* I, Division Two held that an "other statute" exemption for ballot images

"derives from a combination of article VI, section 6 of the Washington Constitution,

multiple sections of Title 29A RCW, and secretary of state regulations authorized by

statute." 188 Wn. App. at 631. Article VI, section 6 provides, "[T]he legislature shall

provide for such method of voting as will secure to every elector absolute secrecy in

preparing and depositing his ballot," which the court held was plainly designed to ensure

the secrecy of every person's vote, although not the voters' ballots themselves. *Id.* at

531-32. RCW 29A.40.110 and RCW 29A.40.110(2) provided for physically securing

return envelopes and ballots before processing and after tabulation, respectively, with

"ballot" broadly defined by RCW 29A.04.008(1)(c) to include a "physical or electronic

record of the choices of an individual voter." Division Two recognized that the records

sought by White were therefore "ballots," but found that they fell within a statutory gap,

since they were generated post-initial processing but before tabulation.

The legislature has expressly required the secretary of state to make rules

governing "[s]tandards and procedures to guarantee the secrecy of ballots," among other

things, *see* RCW 29A.04.611(34), and *White* I held that WAC 434-250-110(5) and

434-261-045 "clearly provide that untabulated scanned ballot images must be kept secure

at all times except while the ballots are actually being processed." *White* I, 188 Wn. App.

15

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

at 635. Because the statutes and regulations were inconsistent with producing copies of ballots and ballot images to third persons under the PRA, they qualified as an express "other statute" exemption under RCW 42.56.070(1).

In *White* II, Division One joined in the conclusion of Division Two's then recently-released opinion that the requested records were exempt by virtue of an "other statute." Division One relied on all of Title 29A RCW, pointing out the "great detail" with which it ensures that the process of collecting, counting, storing, and ultimately destroying ballots "achieves the constitutional mandate for a secret ballot"; the fact that only one, closely-regulated, provision for copying of ballots (RCW 29A.60.125) can be found in Title 29A RCW; the legislature's specification that some nonballot election records *may* be disclosed to the public; and its failure to provide any safeguards for making copies of ballots public, which was unimaginable unless public disclosure was not contemplated. *White* II, 188 Wn. App. at 894-99. The court also relied on a declaration from the elections director in the Office of Secretary of State and the trial court's findings addressing scenarios in which public disclosure of image files of pre-tabulated ballots would risk disclosing how individuals voted. *Id.* at 895, 898-99.

The third authority was another Division Two decision, two years later, in *White* III. In *White* III, White—still interested in the November 2013 general election— sought tabulated ballots from that election, "including paper ballots and images of ballots 'received, cast, voted, or otherwise used.'" 199 Wn. App. at 933. *White* III held that

16

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

White was not entitled to disclosure of the ballots by virtue of "other statute" exemption

by former RCW 29A.60.110 (2013) and WAC 434-261-045. *Id*. at 932. Former RCW

29A.60.110 provided:

> [(1)] Immediately after their tabulation, all ballots counted at a ballot counting center must be sealed in containers that identify the primary or election and be retained for at least sixty days or according to federal law, whichever is longer.
>
> [(2)] In the presence of major party observers who are available, ballots may be removed from the sealed containers at the elections department and consolidated into one sealed container for storage purposes. The containers may only be opened by the canvassing board as part of the canvass, to conduct recounts, to conduct a random check under RCW 29A.60.170, or by order of the superior court in a contest or election dispute.[14]

Division Two held that the statute "unambiguously requires the tabulated ballots be kept

in sealed containers and can be opened by the canvassing board *only* in one of four

specified situations." *Id*. at 936. It recognized former WAC 434-261-045 (2009) as also

providing an "other statute" exemption to the PRA.[15] *Id.* at 937.

---

[14] The current version of the statute includes a fourth circumstance under which the containers may be opened by the canvassing board, added by LAWS OF 2018, ch. 218, § 4, effective June 7, 2018 ("to conduct an audit under RCW 29A.60.185"). It is not relevant to the issue on appeal nor does any party contend that it is.

[15] Former WAC 434-261-045 (2009) provided:

Received ballots and ballot images must be maintained in secure storage except during processing, duplication, inspection by the canvassing board, or tabulation. Secure storage must employ the use of numbered seals and logs, or other security measures that will detect any inappropriate access to the secured materials. Ballots and ballot images may only be accessed in accordance with RCW 29A.60.110.

17

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

The court addressed and rejected three arguments that White advanced against recognizing RCW 29A.60.110 as creating an "other statute" exemption. First, White argued that once the mandated 60-day retention period expires, the ballots should be available. But as the court pointed out, the critical language is the language that once in sealed containers, the containers "may only be opened" under the identified circumstances. There is no time limit for keeping the ballots in sealed containers. *White* III, 199 Wn. App. at 935 (emphasis omitted).

White next argued that Title 29A RCW has a handful of provisions that explicitly exempt specific types of documents from the PRA, but there is no explicit exemption for tabulated ballots. *Id.* at 936. But as the court pointed out, Division One addressed in *White* II the stronger contrary implication of explicit provisions for *disclosure* of election records:

> The legislature's intent that Title 29A serve as a comprehensive scheme restricting access to ballots is evident from the fact that the legislature has specified that certain nonballot election records may be disclosed to the public. *See* RCW 29A.720, .770, .810, .835; RCW 29A.40.130; RCW 29A.60.070, .195, .235. As stated by the trial court, it would be superfluous for the legislature to single out specific types of election records as subject to public disclosure unless the legislature viewed them as "exceptions in a statutory scheme that otherwise does not permit public disclosure."

As *White* III observes, the legislature has required the secretary of state to make rules regarding election standards and procedures to guarantee the secrecy of ballots. 199 Wn. App. at 937. The regulation was revised in 2018, but the substantive safeguards set forth above remain.

18

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

*White* II, 188 Wn. App. at 897.

Finally, White argued that by statute, the state archivist is to maintain the security

of *all* state public records, yet they are not all thereby exempted from disclosure under the

PRA. As the court responded, RCW 29A.60.110 does not merely address the secure

containment of ballots, "it also includes unambiguous language stating that the sealed

containers may only be opened in four specific situations. It is th[is] restriction on

*accessing* the ballots that creates the exemption." *White* III, 199 Wn. App. at 937.

C.       *WEiCU's arguments on appeal*

It was in the context of this decided law that WEiCU argued its PRA claims in the

superior courts. Unlike those courts, which were bound by all consistent holdings of

*White* I, *White* II, and *White* III, this court "should give respectful consideration to the

decisions of other divisions . . . but . . . is not bound by the decision of another division."

*In re Pers. Restraint of Arnold*, 190 Wn.2d 136, 154, 410 P.3d 1133 (2018). We turn to

WEiCU's challenges to dismissal of its PRA claims on appeal.

   1.       WEiCU's argument that court opinions cannot be "other statute"
            exemptions is a frivolous misdirection

WEiCU criticizes the superior courts and its adversaries on appeal for relying on

the three *White* opinions, arguing "case opinions are not statutes." *E.g.*, Br. of Appellant

(No. 38884-1-III) at 16. Obviously decisions of this court are not statutes. But once this

court construes a statute in a published opinion then, until and unless reversed by the

19

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

Supreme Court, this court's opinion declares the meaning of the statute, including

whether it qualifies as an "other statute" exempting records from disclosure under the

PRA. *Cf. Smith*, 139 Wn.2d at 203 n.3. The same is true of this court's construction, in a

published opinion, of the Washington Constitution or an administrative regulation. The

superior courts properly relied on, and WEiCU's adversaries on appeal properly cite, the

*White* opinions.

> 2.   RCW 29A.08.161 cannot and does not ensure that identifying
>      information will never be contained in a public record and at
>      risk of being revealed

WEiCU argues that decisions in the *White* cases never considered the fact that

RCW 29A.08.161 "statutorily de-identifie[s]" ballot records, "so there can be no privacy

concern as to how a particular individual voted their ballot." Br. of Appellant

(No. 38884-1-III) at 11.

RCW 29A.08.161 appears in the chapter of Title 29A RCW dealing with voters

and registration, and provides:

> No record may be *created or maintained* by a state or local
> governmental agency or a political organization that identifies a voter with
> the information marked on the voter's ballot, except the declarations made
> under RCW 29A.56.050(2).

(Emphasis added.) The statute forbids the creation or conscious maintaining by agencies

and organizations of such identifying information, but it does not impose on agencies and

organizations a duty to regularly audit and purge their records to ensure that no

20

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

identifying information will ever be in their hands. Information identifying a voter with

his or her ballot therefore remains at risk of being revealed in response to a public record

request.

The reasons were explained in *White* II, which addressed White's argument in that

appeal that *redaction* of potentially identifying marks would adequately serve the public

interest in ballot secrecy. Division One quoted at length from the trial court's opinion

addressing why redaction provided an inadequate guarantee:

> "The constitutional mandate of *absolute* secrecy could not be adequately accomplished by just having government employees use their own discretion as to what is identifying on a ballot and what needs redaction. Nor are such employees even in a position to accurately ascertain what information could or could not be used to identify a vote [(providing examples)]. . . .
>
> The sheer number of documents that would have to be reviewed for redaction by fallible humans without any rules or set procedures and the numerous unpredictable ways the documents could reveal voter identity are such that mistakes would be made absent clear protective rules and set procedures. . . . A single mistake means the constitutional mandate for *absolute* secrecy is violated. The Washington Constitution does not allow a scheme that provides for only substantial secrecy and that occasionally allows the identity of voters casting ballots to be mistakenly revealed. Unbridled and undirected discretion vested in numerous employees as to what is or is not too great a risk for violating secrecy would not comply with the constitutional mandate. The Constitution requires *absolute* secrecy. Const. art. VI, § 6.
>
> If the legislature intended to allow public disclosure of copies of individual ballots it constitutionally would have crafted substantial safeguards into that process to assure absolute secrecy. RCW Chapter 29A provides no procedures to protect the secrecy of the vote upon Public disclosure because public disclosure is not contemplated. The lack of any

21

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

such statutory safeguards indicates the legislature had no intention that ballots be subject to public disclosure."

*White* II, 188 Wn. App. 898-99. Division One agreed with the trial court's reasoning that redaction would not eliminate the risk that disclosing copies of ballots could reveal the identity of the voter and held that "[b]allots are exempt in their entirety." *Id.* at 900. RCW 29A.08.161 provides even less protection against the risk of disclosure than would a request-by-request redaction requirement.

<p style="margin-left:2em">3.      RCW 29A.60.110 does not authorize court-ordered review of ballots for PRA purposes</p>

WEiCU's complaints contended that rather than forbid release of ballots, RCW 29A.60.110 expressly authorizes court orders to release them. *E.g.*, Lin. CP at 9-10. The relevant language of the statute is that "[t]he containers may *only* be opened by the canvassing board . . . by order of the superior court *in a contest or election dispute.*" RCW 29A.60.110 (emphasis added). WEiCU is not the canvassing board, and a court order entered in its public record enforcement action would not be a "court order in a contest or election dispute." By its express terms, the statute does not apply to PRA requests.

<p style="margin-left:2em">4.      The "all public records are required to be securely stored" argument is answered in *White* I</p>

WEiCU argues that all public records are to be securely stored by the respective agencies, and "if exemption were to be exempted on the basis of secure storage, the PRA

22

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

would be eviscerated." Br. of Appellant (No. 38884-1-III) at 15. This argument was

answered in *White* I, which pointed out that it is the statutory restriction on *accessing* the

ballots that creates the exemption, not the provision for secure storage.

     5.     The "other election-related information has been explicitly exempted from public disclosure" argument is answered in *White* III and *White* II

WEiCU argues that "the Legislature has exempted election-related information

from public disclosure, such as certain underage voter data" but has not exempted the

ballots and related categories of records requested by WEiCU. Br. of Appellant (No.

38884-1-III) at 12. This argument was sufficiently answered in *White* III, which

endorsed *White* II's reasoning that a stronger implication arises from the handful of

provisions in Title 29A RCW that have authorized disclosure of some election records,

but not ballots.

     6.     The Supreme Court's decision in *Lyft* is inapposite

WEiCU argues that *Lyft, Inc. v. City of Seattle*, 190 Wn.2d 769, 418 P.3d 102

(2018), holds that superior courts may not "circumvent the PRA by applying civil rules

—aimed at *judicial economy*—to pre-emptively dismiss [PRA a]ctions on the merits,"

and the superior court in Franklin County "committed clear error by not placing the

burden of proof and persuasion on Respondent to show irreparable harm for disclosure at

the least" and instead relied on "an inapposite civil rule[, CrR 12(b)(6),] for 'failure to

state a claim.'" *E.g.*, Br. of Appellant (No. 39157-4-III) at 1, 18.

23

Nos.  38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

*Lyft* involved an action filed by Lyft under RCW 42.56.540, to enjoin the city of Seattle from disclosing what Lyft believed to be trade secret information to a record requestor.  RCW 42.56.540 provides that "[t]he examination of any specific record may be *enjoined*" by establishing "that such examination would clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions."  (Emphasis added.)  The *enjoining* of examination can be sought by the agency or a person named in the record or to whom the record specifically pertains.  *Id.*  The statute provides agencies with the option of notifying a person named in the record or to whom the record pertains that release of the record has been requested.  *Id.*

That is what happened in *Lyft*.  A Texas resident requested zip code reports that Lyft was required to file with the city of Seattle under a city ordinance, which Lyft had filed and marked as "confidential."  190 Wn.2d 776.  Upon receiving the public record request, the city gave Lyft notice.  Lyft contended in its action for an injunction that its zip code reports contained trade secrets protected by the Uniform Trade Secrets Act (UTSA), chapter 19.108 RCW.  The Supreme Court identified "[t]he central question" raised by Lyft's motion to enjoin disclosure as whether the UTSA's or the PRA's injunction standard applied.  190 Wn.2d at 784.  The UTSA's standard followed the general standard of CR 65.

24

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

WEiCU's actions in Lincoln County and Franklin County were brought by it,

not the agency or a person associated with the record, and they were not brought under

RCW 42.56.540. No one sought an injunction to prevent the counties' disclosure of

public records. The exemption issue was teed up for resolution in part by responsive

motions, and generally speaking, "Washington courts have not placed limits on Civil

Rule procedures that are available in PRA actions." *Kittitas County v. Allphin*, 2 Wn.

App. 2d 782, 789, 413 P.3d 22 (2018) (citing cases). *Lyft* held that to not apply the

injunction standard of RCW 42.56.540 *where injunctive relief was being requested* would

render a significant portion of the statute superfluous. That holding has no application in

these cases, where an order enjoining disclosure was never requested.

None of WEiCU's arguments persuade us that the *White* decisions are unsound, or

that they do not support the superior courts' conclusions that article VI, section 6 of the

Washington Constitution, provisions of Title 29A RCW, and administrative regulations

adopted by the secretary of state, provide an "other statute" exemption under which

records requested by WEiCU were properly withheld by Lincoln and Franklin counties.

II.    WEiCU'S NONRECORD-RELATED CLAIMS WERE PROPERLY DISMISSED

    A.    WEiCU's claims based on RCW 29A.68.013(1) and (2) were properly
          dismissed as untimely

Throughout WEiCU's complaint, it accused Lincoln County, through its officials,

of engaging in wrongful acts, errors and neglects of duty for which it was entitled to

25

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

relief under RCW 29A.68.013(1) and (2). RCW 29A.68.013(1) and (2) authorize justices

or judges of appellate and superior courts to provide relief from wrongful acts and

neglects of duty by an election officer "whenever it is made to appear to such justice or

judge by affidavit of an elector" that such acts or neglect have occurred. The statute also

provides that the elector's affidavit must be filed no later than 10 days following

certification of the election or recount. WEiCU concedes that its action would not have

been timely under this 10-day limitation period, but it contends that the limitation period

applies only to elector affidavits alleging an error or omission in an official certification,

as provided by RCW 29A.68.013(3).

     Lincoln County points out that we could decline to address this assigned error

based on WEiCU's choice not to appeal laches and its lack of standing as bases for

dismissal, but we choose to address the proper construction of RCW 29A.68.013.

     RCW 29A.68.013 reads, in its entirety:

> **Prevention and correction of frauds and errors—Primary, election, challenge to certification of measure.**
>      Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county shall, by order, require any person charged with error, wrongful act, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such justice or judge by affidavit of an elector that:

26

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

(1) A wrongful act other than as provided for in RCW 29A.68.011 has been performed or is about to be performed by any election officer; or

(2) Any neglect of duty on the part of an election officer other than as provided for in RCW 29A.68.011 has occurred or is about to occur; or

(3) An error or omission has occurred or is about to occur in the official certification of any primary or election, including a challenge to the certification of any measure.

An affidavit of an elector under this subsection shall be filed with the appropriate court no later than ten days following the official certification of the primary or election as provided in RCW 29A.60.190, 29A.60.240, or 29A.60.250 or, in the case of a recount, ten days after the official certification of the amended abstract as provided in RCW 29A.64.061.

When construing a statute, our goal is to carry out the legislature's intent. *May v. Spokane County*, 16 Wn. App. 2d 505, 510, 481 P.3d 1098 (2021), *remanded*, 199 Wn.2d 389, 506 P.3d 1230 (2022). The best source of that intent is the words chosen by the legislature. *Id.* "Plain meaning is discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *Dep't of Corr. v. McKee*, 199 Wn. App. 635, 645, 399 P.3d 1187 (2017) (internal quotation marks omitted) (quoting *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007)). Statutory interpretation is a question of law reviewable de novo. *Ass'n of Wash. Spirits & Wine Distribs. v. Liquor Control Bd.*, 182 Wn.2d 342, 350, 340 P.3d 849 (2015).

WEiCU argues that the limitation period provided by the last paragraph of the statute must apply to only subsection (3), because it says "[a]n affidavit of an elector

27

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

under *this subsection* shall be filed . . . ," (emphasis added) and RCW 29A.68.013 as a whole is more fairly described as "this section" or "this statute," rather than as "this subsection." That may be true, but what is more important is that the last paragraph of the statute *is not part of* subsection (3), so even if "this subsection" is odd phrasing, "this subsection" cannot refer to subsection (3). Under rules on punctuation provided by the Washington Code Reviser, we know that the last paragraph is not part of subsection (3) because it is its own paragraph. *See* STATUTE L. COMM., WASH. OFF. OF THE CODE REVISER, BILL DRAFTING GUIDE, § IV(e)(iv), (v) (2023).[16] (Language that qualifies all of the items in a tabulation should not be included in the last item; it should be drafted as a separate subsection or paragraph.)

There are compelling reasons from plain language to find that the time limit applies. As the freestanding last paragraph of the statute, it applies to everything that precedes it, not just part of what precedes it. It would be absurd to read it as applying to only the last paragraph itself, because not only is that last paragraph not designated as a subsection, if it were only self-referential, it would not impose a time limit on anything. A reading that results in absurd results must be avoided because it will not be presumed that the legislature intended absurd results. *Spokane County v. Dep't of Fish & Wildlife*, 192 Wn.2d 453, 458, 430 P.3d 655 (2018).

---

[16] https://leg.wa.gov/CodeReviser/Documents/2023BillDraftingGuide.pdf [https://perma.cc/3CL3-ZTY7]. Some subsections have been renumbered since the 2016 edition, but the text remains the same. Thus, we cite the current edition.

28

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

If it did not apply to subsections (1) and (2), then actions for relief under those provisions would have to be initiated by elector affidavit, yet one that is subject to no time limitation, because WEiCU does not identify another time limitation that would apply.

Finally, given the relief requested by WEiCU's complaint—judicial findings of multiple wrongful acts, errors, and neglect of duty; findings of violations of Mr. Schultz's constitutional rights; a full forensic audit; and injunctive relief—it simply cannot be said that WEiCU was not alleging that an error or omission had occurred in the certification of the election, even if it professed not to be seeking decertification.

The claims asserted under RCW 29A.68.013 were properly dismissed as untimely.

B.      WEiCU's requests for appointment of independent counsel and the summoning of a grand jury were not a proper subject matter of a motion under CR 59

The final basis on which WEiCU sought reconsideration was an asserted "irregularity." It argued that "[a]t the very least, the Court should have asked for briefing regarding the apparent conflict of interest between the prosecutor's dual duties," and "[t]he Court should also take under advisement the summoning of a grand jury under RCW 10.27.030 in the public interest given the apparent corruption within Lincoln County involving, *inter alia*, the prosecuting attorney's ongoing, intentional and knowing failure to comply with RCW 36.27.020(9)." Lin. CP at 97-99. It relied in making the motion on CR 59(a)(1) and (9).

29

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

CR 59(a)(1) and (9) provide that a decision or order may be vacated and reconsideration granted for either of the following causes materially affecting the substantial rights of the moving party:

> (1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial.
>
> (9) That substantial justice has not been done.

By bringing a motion for reconsideration under CR 59, a party may preserve an issue for appeal that is closely related to a position previously asserted and does not depend on new facts. *River House Dev. Inc. v. Integrus Architecture, PS*, 167 Wn. App. 221, 231, 272 P.3d 289 (2012) (citing *Newcomer v. Masini*, 45 Wn. App. 284, 287, 724 P.2d 1122 (1986); *Reitz v. Knight*, 62 Wn. App. 575, 581 n.4, 814 P.2d 1212 (1991)). But while the issue is preserved, the standard of review is less favorable. *Id.* (citing 14A KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 34:3, at 434 (2d ed. 2009) (effect on standard of review where error is preserved by motion for new trial)). CR 59 provides that on the motion of an aggrieved party the court "may" vacate an interlocutory order and grant reconsideration. *Id.* The trial court's discretion extends to refusing to consider an argument raised for the first time on reconsideration absent a good excuse. *Id.* (citing *Rosenfeld v. United States Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (applying parallel federal rule), *cert. dismissed*, 516 U.S. 1103, 116 S. Ct. 833, 133 L. Ed. 2d 832 (1996)). We review a trial court's denial of a motion for

30

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

reconsideration for abuse of discretion; that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *Id.*

A request for "reconsideration" under CR 59 is not a time to suddenly propose a new theory of the case. *Int'l Raceway, Inc. v. JDFJ Corp.*, 97 Wn. App. 1, 7, 970 P.2d 343 (1999). The relief requested in these arguments had never been requested nor had a basis that would support the relief ever been pleaded. Frankly, what would have been "irregular" would have been for the superior court to do anything but reject out of hand this aspect of the motion for reconsideration.

The superior court did not abuse its discretion in denying reconsideration.

IV.    ATTORNEY FEES

WEiCU, Lincoln County, and WSDCC all requested an award of reasonable attorney fees and costs on appeal and devoted sections of their briefs to the requests. Lincoln County also asked that we affirm the award of its fees and costs in the trial court, but WEiCU did not sufficiently assign error to that award, so it is not before us on appeal.[17]

---

[17] It is not identified in the assignments of error or in the issues pertaining to assignments of error. *See* RAP 10.3(a)(4). Additionally, no section of WEiCU's opening brief addressed legal argument to any error or abuse of discretion in awarding the fees and costs, so it would be deemed waived even if error had been assigned. We will not consider claims unsupported by citation to authority, references to the record, or meaningful analysis and will deem such claims waived. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

31

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

RAP 18.1(a) provides that a party to an appeal may request recovery of "reasonable attorney fees or expenses" if the applicable law grants the party the right to recover. WEiCU identifies RCW 42.56.550(4), which provides for an award to a person who prevails against an agency in a PRA action, as the basis for its request. Lincoln County relies on RCW 29A.68.060, RCW 4.84.185, and CR 11. WSDCC relies on RAP 18.9, 18.7 and CR 11.

WEiCU has not prevailed in its action against Lincoln County, so there is no basis for awarding it attorney fees and costs on appeal.

RCW 29A.68.060 authorizes a judgment for costs where an action is dismissed for insufficiency, but it is not a basis for an award of reasonable attorney fees, as opposed to the statutory attorney fee awardable as a cost. RAP 14.2 also provides that a commissioner or clerk of the court will award costs to the party or parties that substantially prevailed on review.

RCW 4.84.185 does not apply to a request for attorney fees on appeal. *Hanna v. Margitan*, 193 Wn. App. 596, 614-15, 373 P.3d 300 (2016) (citing *Bill of Rts. Legal Found. v. Evergreen State Coll.*, 44 Wn. App. 690, 697, 723 P.2d 483 (1986)).

Although CR 11 sanctions were formerly available on appeal, they have not been since amendment of the rules in 1994 removed RAP 18.7's reference to CR 11. *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 750, 218 P.3d 196 (2009).

32

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

RAP 18.9(a) authorizes appellate courts to impose attorney fees as sanctions, either "on its own initiative or on motion of a party," against a party that has "file[d] a frivolous appeal." In determining whether an appeal is frivolous, the court examines the entire record for whether "the appeal presents no debatable issues upon which reasonable minds might differ, and [whether] the appeal is so devoid of merit that there is no possibility of reversal." *Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). "Raising at least one debatable issue precludes finding that the appeal as a whole is frivolous," even where that issue is tenuous. *Id.* (stating that the imposition of sanctions was improper because one court in a foreign jurisdiction agreed with appellant). A finding that an appeal lacks merit does not equate to a finding that an award of sanctions is appropriate. *Id.*; *see also Green River Cmty. Coll. Dist. No. 10 v. Higher Ed. Pers. Bd.*, 107 Wn.2d 427, 443, 730 P.2d 653 (1986). Any doubts as to whether an appeal is frivolous should be resolved in favor of the appellant. *Id.*

WEiCU's nonrecord-related claims were frivolous. Given our statutory directive to take into account the policy of chapter 42.56 RCW that free and open examination of public records is in the public interest, however, and the fact that we must liberally construe the PRA in favor of disclosure and narrowly construe its exemptions, we do not find it frivolous for a requestor to attempt to persuade this court to disagree with the

33

Nos. 38884-1-III and 39157-4-III (consolidated)
*Wash. Election Integrity Coal. United v. Schumacher*

holdings of Divisions Two and One in the *White* cases. Accordingly, the request for

reasonable attorney fees on appeal is denied.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, J.P.T.

WE CONCUR:

Fearing, C.J.

Staab, J.

34